**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Avenue NW <br> Washington, DC 20460 <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 17-1261 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the Environmental Protection Agency under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.	Plaintiff American Oversight is a nonpartisan organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia, and its application for section 501(c)(3) status is pending with the Internal Revenue Service.

6.	Defendant Environmental Protection Agency (EPA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. EPA has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.	As described below, American Oversight filed two FOIA requests seeking documents that would shed light on a matter of significant public concern: the extent to which individuals associated with industry interests, such as fossil fuel firms, have access to the Trump administration and EPA and are influencing federal environmental protection regulations—including those that significantly affect their own firms.

8.	Scott Pruitt was confirmed as Administrator of the Environmental Protection Agency in February 2017.

9. Mr. Pruitt previously served as the Attorney General of Oklahoma from January 2011 until February 2017. In February 2017, an Oklahoma judge ordered release of thousands of emails from Mr. Pruitt's official state email account. These emails show that during his tenure at attorney general, Mr. Pruitt coordinated closely with energy producers, utilities, and political groups, including holding secret meetings with industry executives and receiving materials aimed at weakening various federal environmental protection regulations.

10. Carl Icahn has reportedly been serving as a special adviser to President Trump on regulatory matters over the past several months and, according to multiple media reports, has provided input on certain environmental regulations that would significantly benefit his own company, CVR Energy Inc.

11. On May 24, 2017, *BloombergMarkets* reported that as a result of Mr. Icahn's role advising the Trump administration, CVR Energy Inc. has reaped substantial financial benefits and the value of Mr. Icahn's holdings in the company have increased significantly.

*Pruitt Calendars & Logs FOIA*

12. On April 5, 2017, American Oversight submitted a FOIA request ("Pruitt FOIA") to EPA seeking access to the following records:

> 1) All calendars or calendar entries for Scott Pruitt; Acting Deputy Administrator Mike Flynn; Acting Chief of Staff John Reeder; or any political or SES appointees in the Office of the Administrator, including any calendars maintained on behalf of these individuals (e.g., by an administrative assistant). For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.
>
> 2) Any logs or other records tracking incoming and outgoing telephone calls made by Scott Pruitt, Acting Deputy Administrator Mike

> Flynn, Acting Chief of Staff John Reeder, any political or SES appointees in the Office of the Administrator, or anyone placing or receiving telephone calls on behalf of those individuals.

The request sought records from February 17, 2017, to the date of the search. A copy of the Pruitt FOIA request is attached hereto as Exhibit A and incorporated herein.

13. EPA assigned the Pruitt FOIA request the tracking number EPA-HQ-2017-005777.

14. On May 17, 2017, EPA sent a letter to American Oversight granting American Oversight's request for a fee waiver under 40 C.F.R. § 2.107(l) in connection with the Pruitt FOIA request.

15. American Oversight has received no further communication from EPA regarding the processing of the Pruitt FOIA request.

*Icahn FOIA*

16. On April 5, 2017, American Oversight submitted a FOIA request ("Icahn FOIA") to EPA seeking access to the following records:

> 1) All communications between (1) any political or SES appointee in the Office of the Administrator (including but not limited to Scott Pruitt, Acting Deputy Administrator Mike Flynn, the Acting Chief of Staff John Reeder) or the Office of Air and Radiation (including but not limited to Acting Assistant Administrator Sarah Dunham), as well as anyone acting on behalf of those individuals, and (2) Carl Icahn; any individual acting on behalf of Mr. Icahn; any officer, director, or employee of Icahn Enterprises or CVR Energy, Inc.; or any individual acting on behalf of Icahn Enterprises or CVR Energy.
>
> 2) All communications between (1) any political or SES appointee in the Office of the Administrator (including but not limited to Scott Pruitt, Acting Deputy Administrator Mike Flynn, and Acting Chief of Staff John Reeder) or the Office of Air and Radiation (including but not limited to Acting Assistant Administrator Sarah Dunham), as well as anyone acting on behalf of those individuals, and (2) and any officer, director, or employee of Valero Energy or anyone acting on behalf of Valero Energy.

4

The request sought records from February 17, 2017, to the date of the search. A copy of the Icahn FOIA request is attached hereto as Exhibit B and incorporated herein.

17. American Oversight sought expedited processing of its Icahn FOIA request under 40 C.F.R. § 2.104(e) and requested a waiver of fees associated with processing its request under 40 C.F.R. § 2.107(l).

18. EPA assigned the Icahn FOIA request the tracking number EPA-HQ-2017-005774.

19. On April 13, 2017, EPA sent American Oversight an email indicating that EPA required clarification of the Icahn FOIA request in order to process that request. Between April 17, 2017 and April 25, 2017, American Oversight clarified the scope of the Icahn FOIA request and negotiated with EPA regarding search terms to be used to identify responsive records.

20. On April 25, 2017, EPA confirmed its understanding of American Oversight's clarification and agreed to submit the search for processing.

21. On April 26, 2017, EPA granted American Oversight's request for expedited processing of the Icahn FOIA request and for waiver of fees associated with processing that request.

22. American Oversight has received no further communication from EPA regarding the processing of the Icahn FOIA request.

*Exhaustion of Administrative Remedies*

23. EPA has not responded to American Oversight's FOIA requests described in paragraphs 12 and 16, notwithstanding the obligation of the agency under FOIA to respond within twenty working days.

24. Through EPA's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records Responsive to Pruitt FOIA

25. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26. American Oversight properly requested records within the possession, custody, and control of Defendant.

27. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

28. Defendant has failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's Pruitt FOIA request.

29. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

30. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's Pruitt FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records Responsive to Pruitt FOIA

31. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32. American Oversight properly requested records within the possession, custody, and control of Defendant.

33. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

34. Defendant is wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its Pruitt FOIA request.

35. Defendant's failure to provide all responsive records violates FOIA.

36. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its Pruitt FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records Responsive to Icahn FOIA

37. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

38. American Oversight properly requested records within the possession, custody, and control of Defendant.

39. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

40. Defendant has failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's Icahn FOIA request.


41. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

42. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's Icahn FOIA request.

### COUNT IV
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records Responsive to Icahn FOIA

43. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

44. American Oversight properly requested records within the possession, custody, and control of Defendant.

45. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

46. Defendant is wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its Icahn FOIA request.

47. Defendant's failure to provide all responsive records violates FOIA.

48. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its Icahn FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to EPA on April 5, 2017;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: June 27, 2017

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367
Elizabeth France
D.C. Bar No. 999851
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
sara.creighton@americanoversight.org

beth.france@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*